UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONOVAN HINKLE                                              CIVIL ACTION

VERSUS                                                      NO. 17-156-JWD-EWD

USAA GENERAL INDEMNITY COMPANY

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONOVAN HINKLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-156-JWD-EWD** |
| **USAA GENERAL INDEMNITY COMPANY** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiff Donovan Hinkle.[1] The Motion is opposed by defendant USAA General Indemnity Company ("USAA").[2] For the following reasons, the undersigned recommends[3] that the Motion to Remand be **DENIED.**

### Factual and Procedural Background

This suit arises out of an April 23, 2016 motor vehicle accident. On or about February 2, 2017, Plaintiff filed a Petition for Uninsured Motorist Benefits, Penalties, and Attorney Fees (the "Petition") against USAA in the 18th Judicial District Court for the Parish of Iberville, Louisiana, based upon damages and injuries that Plaintiff incurred as a result of the accident.[4] Plaintiff alleges that on April 23, 2016, he was a guest passenger in a vehicle owned and operated by Hunter J. Clark, which was traveling eastbound on Interstate 10 ("I-10") in Iberville Parish, Louisiana.[5] Plaintiff asserts that Clark stopped his vehicle on the eastbound right-hand shoulder of I-10 to provide assistance to a stalled vehicle that was owned and operated by Frank C. Stewart. While

---

[1] R. Doc. 4.
[2] R. Doc. 5.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.
[4] R. Doc. 1 at ¶ 3; *See*, R. Doc. 1-2.
[5] R.Doc. 1-2 at ¶ 3.

Plaintiff and Clark were providing assistance to Stewart, Plaintiff asserts that another vehicle operated by James O. Merritt, which was also traveling eastbound on I-10, veered into the shoulder and struck the rear of Clark's vehicle, causing Clark's vehicle to strike Plaintiff and Clark.[6] Plaintiff alleges that he "sustained serious permanent, painful, and disabling injuries, including but not limited to, laceration to the right side of his head, concussion with loss of consciousness, injuries to the right lower extremity, right knee, cervical spine, and contusions."[7] Plaintiff further alleges that he sustained damages, "including but not limited to, medical expenses, physical pain and suffering, shock, fear, humiliation, mental anguish, emotional distress, loss of wages, and loss of enjoyment of life, all past, present, and future [sic], and all other elements of damages allowed under Louisiana law."[8]

Plaintiff also asserts in the Petition that at all times pertinent hereto, Merritt had automobile insurance through National General Insurance Company ("NGIC") with policy limits of $15,000 per person and $30,000 per accident.[9] Although NGIC has offered and/or tendered its policy limits to Plaintiff, Plaintiff asserts that he has not been fully compensated for his injuries and damages and, therefore, Merritt is underinsured/uninsured for the underlying accident.[10] Plaintiff further asserts that at the time of the accident, Clark had uninsured/underinsured motorist ("UM") coverage through USAA, which provides coverage to Plaintiff "for all such damages for which there exists insufficient insurance."[11] Despite providing adequate proof of loss from the underlying accident, Plaintiff alleges that USAA has breached its duty of good faith and fair dealing by failing to unconditionally tender the amount on which reasonable minds could not

---

[6] R. Doc. 1-2 at ¶ 6.
[7] R. Doc. 1-2 at ¶ 7.
[8] R. Doc. 1-2 at ¶ 9.
[9] R. Doc. 1-2 at ¶ 10.
[10] R. Doc. 1-2 at ¶¶ 11-12.
[11] R. Doc. 1-2 at ¶ 13.

differ.¹² Plaintiff further alleges that because USAA has arbitrarily, capriciously and without any justifiable cause or excuse failed to tender a sufficient amount of its UM liability insurance, Plaintiff is entitled to all statutory penalties, compensatory damages and attorney's fees provided by La. R.S. 22:1973 and/or La. R.S. 22:1892.¹³

On March 17, 2017, USAA filed a Notice of Removal, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).¹⁴ In the Notice of Removal, USAA asserts there is complete diversity because Plaintiff is a citizen of Louisiana and USAA is a citizen of Texas.¹⁵ With respect to the amount in controversy, USAA asserts that at the time of the accident Clark had automobile insurance and UM bodily injury coverage with limits of $50,000 per person and $100,000 per accident, as well as medical payment coverage with a limit of $10,000.¹⁶ USAA further asserts that before March 16, 2017, it had no documents concerning the nature and extent of Plaintiff's alleged injuries, other than the Petition and Plaintiff's vague allegations of personal injuries. USAA alleges that on March 16, 2017, Plaintiff's counsel informed USAA's counsel that Plaintiff had recently undergone knee surgery as a result of the accident and that Plaintiff is seeking to recover the full limit of USAA's UM coverage. USAA claims the conversation was confirmed in writing via emails exchanged on March 16, 2017 and March 17, 2017, which were submitted with the Notice of Removal.¹⁷ Thus, USAA contends the amount in controversy exceeds $75,000 because Plaintiff is seeking $50,000 in UM coverage and may also seek $10,000 in medical payment coverage, in addition to compensatory damages, penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22: 1973. Because the penalty under La. R.S. 22:1892 is 50% of the

---

¹² R. Doc. 1-2 at ¶¶ 16-17.
¹³ R. Doc. 1-2 at ¶ 18.
¹⁴ R. Doc. 1 at ¶ 8.
¹⁵ R. Doc. 1 at ¶¶ 1-2. USAA asserts that its state of incorporation and principal place of business are in Texas. *Id.* at ¶ 2.
¹⁶ R. Doc. 1 at ¶ 5. USAA contends that neither coverage provision applies to Plaintiff's claims. *Id.*
¹⁷ R. Doc. 1 at ¶ 6 (*citing* R. Doc. 1-4).

4

amount found to be due under the insurance contract, which could be $30,000 in this case, USAA asserts the amount in controversy clearly exceeds $75,000.

On March 24, 2017, Plaintiff filed the instant Motion to Remand, asserting that removal was improper because the Plaintiff has provided a post-removal Stipulation stating that the amount in controversy does not exceed $75,000.[18] Plaintiff also seeks an award of costs and reasonable attorney's fees incurred in filing the Motion to Remand.

In opposition, USAA maintains that the matter was properly removed because diversity jurisdiction existed at the time of removal.[19] Although it is not facially apparent from the Petition that Plaintiff's claims exceed $75,000, USAA argues that the email exchange submitted with the Notice of Removal shows that Plaintiff underwent knee surgery as a result of the accident and that Plaintiff is seeking the $50,000 limit of USAA's UM coverage.[20] For the same reasons stated in the Notice of Removal, USAA maintains that at the time of removal, the amount in controversy exceeded $75,000 and this Court had diversity jurisdiction under 28 U.S.C. § 1332(a).

USAA further asserts that Plaintiff's post-removal unilateral Stipulation does not divest this Court of diversity jurisdiction. USAA acknowledges that the Fifth Circuit has recognized a narrow exception where a unilateral post-removal stipulation can establish that the amount in controversy is not satisfied where three conditions are met, one of which is that the plaintiff timely contests removal with a sworn, unrebutted affidavit indicating that the amount in controversy was not met.[21] USAA argues that the exception does not apply in this case because Plaintiff's unilateral

---

[18] R. Doc. 4 (*citing* R. Doc. 4-2). Plaintiff does not contest the allegations of citizenship in the Notice of Removal.
[19] R. Doc. 5 at p. 1.
[20] R. Doc. 5 at 3-4 (*citing* R. Doc. 1-4).
[21] R. Doc. 5 at 6; *See, Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (hereinafter, "*ANPAC*"), abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

Stipulation is not in affidavit form and is merely an improper post-removal attempt to defeat diversity jurisdiction. As such, USAA urges the Court to deny Plaintiff's Motion to Remand.

**Applicable Law and Analysis**

**A. USAA has shown by a preponderance of evidence that the amount in controversy exceeds $75,000**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See,* 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by

setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *ANPAC*, 988 F.2d at 565). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883 (citing *ANPAC*, 988 F.2d at 565). If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem.*, 303 U.S. at 289, 58 S.Ct. at 590)).

Here, it is not facially apparent from the state court Petition that Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interests and costs. In the Petition, Plaintiff alleges injuries to his head, neck, right leg and knee and seeks damages for his medical expenses, physical pain and suffering, shock, fear, humiliation, mental anguish, emotional distress, loss of wages and loss of enjoyment of life.[22] The Court must, therefore consider whether USAA

---

[22] R. Doc. 1-2 at ¶¶ 7-9.

has met its burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000.

As mentioned above, USAA submitted with its Notice of Removal a March 17, 2017 email from Plaintiff's counsel confirming that Plaintiff underwent a knee surgery as a result of the underlying accident and that Plaintiff is seeking the limit of USAA's $50,000 UM coverage.[23] USAA has also offered published precedent showing that Plaintiff's damages for a knee injury requiring surgery would likely exceed $50,000. *See*, *Guillory v. Ins. Co. of North America*, 96-1084, pp. 3-4 (La. 4/8/97), 692 So.2d 1029, 1031 (jury awarded $150,000 in general damages for a torn ACL and wrist injuries, which was not challenged on appeal); *Stockstill v. C.S. Industries, Inc.*, 94-2072 (La. App. 1 Cir. 12/15/95), 665 So.2d 802 (upholding award of $150,000 in general damages for a torn ACL that required surgery). Thus, Plaintiff may also be able to recover the limit of USAA's $10,000 medical payment coverage.

USAA also points out that Plaintiff is seeking penalties, compensatory damages and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973, alleging that USAA, "has arbitrarily, capriciously, and without any justifiable cause or excuse failed to tender a sufficient amount of its uninsured/underinsured motorist liability insurance."[24] Section 1892 states that if an insurer fails to pay a claim within 30 days of receiving satisfactory proof of loss, and that failure is found to be arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of 50% of the amount found to be due under the insurance contract, as well as reasonable attorney's fees and costs. La. R.S. 22:1892(B)(1). Thus, if Plaintiff recovers the limits of USAA's UM coverage and medical payment coverage, Plaintiff will be entitled to a penalty of $30,000 under La. R.S. 22:1892. Further, La. R.S. 22:1973 provides that if an insurer fails to pay a claim within 60 days

---

[23] R. Doc. 1-4 at 1.
[24] R. Doc. 1-2 at ¶ 18.

of satisfactory proof of loss and that failure is arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of two times the damages sustained as a result of the insured's breach of its duty of good faith. La. R.S. 22:1973(C).

Based upon the March 17, 2017 email from Plaintiff's counsel, stating that Plaintiff has undergone knee surgery and is seeking the limit of USAA's UM coverage, the case law cited by USAA and Plaintiff's request for penalties, compensatory damages and attorney's fees[25] under La. R.S. 22:1892 and La. R.S. 22:1973, USAA has shown by a preponderance of the evidence that the amount in controversy at the time of removal met the jurisdictional threshold of $75,000.

### B. Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000

Because USAA has shown by a preponderance of evidence that the amount in controversy was met at the time of removal, Plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002). As discussed in greater detail below, Plaintiff has not shown to a legal certainty that his claim does not exceed $75,000. Plaintiff has not pointed to a state law that limits his recovery to an amount below the federal jurisdictional threshold, nor did Plaintiff submit with his state court Petition a binding stipulation or affidavit stating that he is not seeking damages in excess of the federal jurisdictional amount. Plaintiff also chose not to file a reply memorandum addressing USAA's assertion that the amount in controversy actually exceeds the federal jurisdictional amount.

Instead, Plaintiff submitted a Stipulation with the Motion to Remand that states, in pertinent part, that Plaintiff, "[F]ormally stipulates that the value of the amount in controversy in the matter

---

[25] The Fifth Circuit has held that, "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990)).

9

filed in the 18th Judicial District Court, State of Louisiana on February 2, 2017 as <u>Hinkle v. USAA Indemnity Co.</u>, No. 76,588, Sec. D, does not exceed $75,000 exclusive of interest and costs."[26] The Fifth Circuit has held that, "While post-removal *affidavits* may be considered in determining the amount in controversy at the time of removal, such *affidavits* may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *ANPAC*, 988 F.2d at 565) (emphasis added). In *ANPAC*, the Fifth Circuit held that a unilateral post-removal stipulation can establish that the amount in controversy is not satisfied when the following conditions are met: (1) the complaint does not specify an amount of damages, and it is not otherwise facially apparent that the damages sought or incurred are likely above $75,000; (2) the notice of removal contains only a conclusory statement that the amount in controversy is met, which is not based on direct knowledge about the plaintiff's claims; and (3) the plaintiff timely contests removal with a sworn, unrebutted *affidavit* indicating that the requisite amount in controversy is not present. *ANPAC*, 988 F.2d at 566 (emphasis added). However, "a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) (quoting *ANPAC*, 988 F.2d at 565 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938))) (emphasis in original). In *ANPAC,* the Fifth Circuit explained that, "in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." *ANPAC*, 988 F.2d at 565 (emphasis in original).

---

[26] R. Doc. 4-2.

The narrow exception recognized in *ANPAC* and reaffirmed in *Gebbia* does not apply in this case because two of the three conditions set forth in *ANPAC* are not met. As an initial matter, Plaintiff has not contested removal with "a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566. Instead, Plaintiff submitted a Stipulation from his counsel stating that the amount in controversy does not exceed $75,000, exclusive of interest and costs.[27] Further, USAA provided more than "a conclusory statement" in the Notice of Removal regarding the amount in controversy. USAA alleged that the amount in controversy is met based upon the March 17, 2017 email from Plaintiff's counsel stating that Plaintiff has undergone knee surgery and is seeking the limit of USAA's UM coverage, as well as Plaintiff's claim for compensatory damages, penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. USAA's allegations are more than a mere conclusory statement, without any elaboration, that the amount in controversy exceeds the federal jurisdictional amount, as was the case in *ANPAC*. *See,* 988 F.2d at 565-66. As such, Plaintiff has not shown that his unilateral post-removal Stipulation is entitled to any consideration by this Court.

---

[27] R. Doc. 4-2. Even if the Stipulation had been in the form of a sworn, unrebutted affidavit, merely stating that the amount in controversy does not exceed $75,000 is insufficient to establish with legal certainty that Plaintiff's claims are really less than $75,000. "While a stipulation which limits recovery to $75,000 weighs in favor of remand, some courts require that, for it to be effective, the plaintiff must file into the record an affidavit, signed by the litigant, stipulating that he will not accept over $75,000, even if such an award is made by the Court." *Carr v. CVS Drug Stores*, Civ. A. No. SA-08-CA-578-FB, 2008 WL 4844712, at *6 (W.D. Tex. Oct. 6, 2008) (citing *Engstrom v. L–3 Commc'ns Gov't Servs., Inc.*, Civ. A. No. 04-2971, 2004 WL 2984329, at *5 (E.D. La. Dec. 23, 2004) (finding that in order for stipulation to be binding plaintiff must not only state that his claims for damages were limited to $75,000, but also waive any claim for actual and punitive damages over $75,000); *Cleary v. Murphy Oil USA, Inc.*, Civ. A. No. 03–1718, 2003 WL 21977163, at *3 (E.D. La. Aug. 15, 2003) (finding that, although plaintiff's stipulation limiting recovery to $75,000 weighs in favor of remand, case would not be remanded unless plaintiff filed affidavit stipulating he would not attempt to execute judgment to extent it exceeded $75,000)). *See also*, *Mouton v. Balboa Ins. Co.*, Civ. A. No. 10-1639, 2010 WL 2902785, at *2 (E.D. La. July 20, 2010) ("A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit." (citation omitted)); *Crosby v. Lassen Canyon Nursery, Inc*., Civ. A. No. 02–2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (noting in its reasoning denying remand, where plaintiffs submitted post-removal affidavit in which they agreed their claims for damages did not exceed $75,000 and they would not seek damages in excess of $75,000, plaintiff's post-removal affidavit failed to stipulate they would not accept more than $75,000 in damages award).

Accordingly, Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000.

**Conclusion**

Based on the foregoing, USAA has met its burden of proving that the Court has subject matter jurisdiction over Plaintiff's claims based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Although it is not facially apparent from the state court Petition that Plaintiff's claims exceed the federal jurisdictional amount, USAA has shown by a preponderance of evidence that the amount in controversy exceeds $75,000 based upon a March 17, 2017 email from Plaintiff's counsel, stating that Plaintiff has undergone knee surgery and is seeking the limit of USAA's UM coverage, Louisiana jurisprudence showing that Plaintiff's damages for a knee injury requiring surgery would likely exceed $50,000, and Plaintiff's request for penalties, compensatory damages and attorney's fees[28] under La. R.S. 22:1892 and La. R.S. 22:1973. USAA has also shown that there is complete diversity between the parties, pursuant to 28 U.S.C. § 1332(a). Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed the federal jurisdictional amount of $75,000, nor has Plaintiff alleged that complete diversity is lacking.

---

[28] The Fifth Circuit has held that, "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990)).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Remand[29] should be **DENIED**. As the Court finds the basis for removal was proper, the Plaintiff's request for fees under 28 U.S.C. § 1447(c) should also be **DENIED.**

It is also the recommendation of the Magistrate Judge that a Scheduling Conference be set twelve (12) weeks from the date of this Report and that the parties' Status Report be due ten (10) weeks from the date of this Report.

Signed in Baton Rouge, Louisiana, on September 11, 2017.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] R.Doc. 4.